Case 2:10-cv-01351-MHM  Document 1  Filed 06/28/10  Page 1 of 8

Christy C. Brown, Esq. (#17968)
**CHISM BROWN LAW**
3411 North 32nd Street
Phoenix, Arizona 85018
Telephone: 602/955-2444
cbrown@chismbrownlaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KOWALSKI CONSTRUCTION, INC, an Arizona Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ZURICH INSURANCE CO., And STEADFAST INSURANCE COMPANY, a Delaware Corporation <br> Defendant | Cause No. <br><br> **COMPLAINT** <br><br> (Declaratory Judgment, Bad Faith Breach of Contract) <br><br> **JURY TRIAL REQUESTED** |

The Plaintiff, Kowalski Construction, Inc. hereby files this Complaint against Steadfast Insurance Company and Zurich Insurance Company and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Kowalski Construction, Inc. ("Kowalski") is an Arizona Corporation with its principal place of business in Arizona.

2. Steadfast Insurance Company ("Steadfast") is a Delaware corporation with its principal place of business in Illinois.

3. Steadfast is a wholly owned subsidiary of Zurich Insurance Company, ("Zurich") a Delaware corporation with its principal place of

Complaint Page 1 of 8

business in Illinois. Zurich and Steadfast are collectively referred to as "Defendants."

4. Kowalski and Defendants are citizens of different states and complete diversity exists between them.

5. This Complaint seeks damages for breach of contract and bad faith, as well as declaratory judgment under 28 U.S.C. § 2201 et seq. arising from a Steadfast Environmental Services Package Policy, No. GPL 9133527-01 (the "Policy"), effective 6/1/2008 to 6/1/2009.

6. Pursuant to 28 U.S.C. § 2201, this lawsuit seeks a determination of the parties' rights and obligations under the Policy with respect to a lawsuit (the "Parks lawsuit"), currently pending in Maricopa Count Superior Court, an actual controversy which now exists.

7. The amount in controversy, measured by the insurance coverage in dispute exceeds $75,000, exclusive of interest and costs.

8. Venue is proper under 28 U.S.C. § 1391, because the events giving rise to the action occurred in the District of Arizona.

## THE INSURANCE POLICY

9. Kowalski re-alleges and incorporates paragraphs 1 through 8 as though fully set forth herein.

10. Kowalski is a residential and commercial contractor.

11. Kowalski was the named insured on the Policy, which provides Kowalski with commercial general liability insurance with a per occurrence limit of $1,000,000 and an aggregate limit of $2,000,000.

12. The policy states:

>   Coverage A. – Bodily Injury and Property Injury Liability
>
>   1. Insuring Agreement
>
>       a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of

CHISM BROWN LAW
3411 North 32nd Street
Phoenix, Arizona 85018
(602) 955-2444

"bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages."

13. The Policy also states:

    e. "Damages" because of "bodily injury" include "damages" claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

14. The Policy contains an Additional Insured Endorsement, STF-ESP-101-C, wherein NRES is an additional insured. The Additional Insured Endorsement provides in part:

    2. The insurance provided to the additional insured person or organization applies only to:

    a. Under COVERAGE PART ONE-COMMERCIAL GENERAL LIABILITY COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY ..., "claims" for "bodily injury"...resulting directly from:

    (1) Your ongoing operations; or

    (2) "Your work" completed as included in the "products-completed operations hazard,"...

## THE PARKS LAWSUIT

15. Kowalski re-alleges and incorporates paragraphs 1 through 14 as though fully set forth herein.

16. Kowalski entered into a contract with NRES Phoenix Portfolio 1, LLC to perform work on real property owned by NRES, located at 2212 North 23rd Ave., Phoenix, in Maricopa County, Arizona.

CHISM BROWN LAW
3411 North 32nd Street
Phoenix, Arizona 85018
(602) 955-2444

17. Newport Real Estate Services, Inc. is the manager of the real property located at 2212 North 23rd Ave., Phoenix in Maricopa County, Arizona.

18. An employee of Kowalski was injured on the job, on or about November 26, 2008.

19. The employee's wife and legal guardian brought a lawsuit against NRES and Newport, seeking damages for personal injuries, medical expenses, lost wages, pain and suffering, loss of companionship, affection, consortium and support as a result of bodily injury suffered by the employee. (the " Parks Lawsuit").

20. The Parks Lawsuit is currently pending in Maricopa County Superior Court, Parks, et al v. NRES Phoenix Portfolio 1, LLC, et al, CV2009-036947.

21. On or about April, 2, 2010, NRES and Newport filed a Third Party Complaint against Kowalski alleging causes of action for indemnity, breach of contract, negligence, contribution, and express indemnity.

22. The Third-Party Complaint alleges that Newport and NRES anticipate incurring significant expenses associated with Kowalski's "allegedly deficient work."

23. The Third-Party Complaint also alleges that the Parks damages are a result of the negligence of Kowalski.

24. The Third-Party Complaint also alleges that Kowalski negligently failed to ensure that its work was conducted in a safe manner.

25. Immediately upon being served with the Third-Party Complaint, Kowalski notified Defendants that it had been served and tendered the claim to Zurich for defense.

CHISM BROWN LAW
3411 North 32nd Street
Phoenix, Arizona 85018
(602) 955-2444

26. On April 20, 2010, a representative of Defendants sent the president of Kowalski an email that stated, "I do have the 3rd party complaint. Please be assured that your interests will be protected."

27. Kowalski's Answer to the Complaint was due May 7, 2010.

28. By the time the Answer was due, Defendants had not provided any response to Kowalski with respect to the Third-Party Complaint.

29. The attorneys for Kowalski were forced to request a one month extension of time to file its Answer.

30. During that month, counsel for Kowalski attempted to contact Defendants numerous times. When Defendants finally contacted counsel for Kowalski, they asked that Kowalski obtain another one week extension to file the Answer. And Defendants still did not respond during this time.

31. Defense counsel representing Kowalski sent a demand letter to Defendants on May 12, 2010 and Defendants responded on June 4, 2010 denying coverage and refusing to defend Kowalski.

32. Another demand for defense was sent to Defendants and they failed to respond.

33. As stated above, there was a long period of time where Defendants failed to communicate with Kowalski or its counsel.

## COUNT I

### Declaratory Judgment

34. Kowalski re-alleges paragraphs 1 through 33 as though fully set forth herein.

35. The Policy provides coverage for NEAS and Newport's claims against Kowalski, including but not limited to the following reasons:

    a. "bodily injury" was caused by an occurrence that took place in the "coverage territory";

    b. "bodily injury" occurred during the policy period;

CHISM BROWN LAW
3411 North 32nd Street
Phoenix, Arizona 85018
(602) 955-2444

    c. The alleged damages do not fall within any of the Policy exclusions;

    d. Defendants have the duty to defend Kowalski in the Parks Lawsuit.

    e. NRES is an Additional Insured under the Endorsement.

36. Pursuant to 22 U.S.C. § 2201 et seq, Kowalski requests this court to declare that Defendants have a duty to defend Kowalski and that the claims in the lawsuit are covered under the insurance policy.

## COUNT II

### Breach of Contract

37. Plaintiff re-alleges paragraphs 1 through 36 as though fully set forth herein.

38. The Policy constitutes a contract between Defendants and Kowalski.

39. Kowalski performed all of its duties and obligations under the terms of the policy.

40. Kowalski tendered defense of a Complaint against it with allegations, which clearly fall within the terms of the Policy. A representative of Defendants even advised Kowalski that they would protect Kowalski's interests.

41. Defendants' failure to defend Kowalski in the Litigation constitutes a breach of contract.

42. Defendants' failure to provide coverage under the Additional Insured Endorsement is a breach of contract.

43. Kowalski has been damaged by Defendants' breach of contract because it has incurred legal expenses in the Parks Lawsuit.

44. As a result of Defendants breach of contract, Kowalski is entitled to attorneys fees pursuant to A.R.S. § 12-341.01.

## COUNT III

### Breach of the Duty of Good Faith and Fair Dealing

45. Kowalski re-alleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendants had an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim and act promptly in paying a legitimate claim.

47. Defendants should not do anything that jeopardizes the insured's security under the policy.

48. Defendants unreasonably delayed in the investigation of this claim.

49. Defendants failed to timely respond and communicate with Kowalski.

50. Defendants' duty to defend is determined by the allegations in the Complaint.

51. If any claim alleged in the Complaint is within the coverage of the Policy, Defendants have a duty to defend the entire suit.

52. Defendants have put their interests above the interests of Kowalski and have acted in bad faith.

53. Kowalski was assured by a representative of Defendant that its interests would be protected.

54. Defendants intentionally denied, failed to process, and failed to pay a claim without a reasonable basis.

55. Kowalski has been damaged as a result of Defendants' bad faith. In addition to legal expenses, representatives of Kowalski have spent many hours dealing with the Defendants and their lack of response.

56. Defendants actions have also put Kowalski at a disadvantage in the lawsuit because Kowalski had to obtain two extensions of time to file its Answer, and Kowalski has focused efforts on trying to get Defendants to

CHISM BROWN LAW
3411 North 32nd Street
Phoenix, Arizona 85018
(602) 955-2444

abide by the terms of the Policy, rather then focusing its efforts on defense of the allegations in the Lawsuit.

WHEREFORE Plaintiff Kowalski prays for judgment against Defendants for the following"

    A. Compensatory damages for Defendants breach of contract in an amount to be determined by the jury.

    B. Compensatory damages for Defendants bad faith in an amount to be determined by the jury.

    C. Declaratory Judgment that the claims brought by Newport and NEAS are covered under the insurance policy.

    D. Declaratory Judgment that coverage is afforded under the Policy due to the Additional Insured Endorsement.

    E. Declaratory Judgment that Defendants have a duty to defend Kowalski in the lawsuit.

    F. For costs and attorneys fees.

    G. For any other relief this court finds equitable and just.

Dated this 28 day of June, 2010

**CHISM BROWN LAW**

By: _____
Christy C. Brown
3411 North 32nd Street
Phoenix, AZ 85018
Attorney for Plaintiff

Original filed this 28 June, 2010

United States District Court
District of Arizona

By_____
Acer/clients/Kowalski/pleadings/Complaint

Complaint Page 8 of 8

CHISM BROWN LAW
3411 North 32nd Street
Phoenix, Arizona 85018
(602) 955-2444